**320**

## LUMBERMEN'S MUTUAL CASUALTY COMPANY

*v.*

## EDWARD MCCARTHY & a.

*Robert W. Upton, Laurence I. Duncan* and *Robert B. Hamblett,* for the plaintiff.

*Ivory C. Eaton* and *Alvin A. Lucier,* furnished no briefs, for the defendants.

WOODBURY, J. The questions of law raised by the plaintiff's query with respect to its duty, under the circumstances disclosed, to pay any judgment which the father may eventually recover in his personal action against the insured have been recently considered by this court. *Putnam* v. *Corporation, ante,* 74; *Lumbermen's Mutual Casualty Co.* v. *Yeroyan, ante,* 145. We see no reason to recapitulate the reasoning of these cases or to reconsider the result which they reach. In consequence the plaintiff's second question is answered in the negative.

Upon the first question propounded no authority in point has come to our attention. It is therefore necessary to answer it by reference to the terms of the policy of insurance itself as those terms have, in a general way, been interpreted in dissimilar cases from this and other jurisdictions.

By its policy of insurance the plaintiff agreed to defend on behalf of the insured and in his name "any suit, coming within the terms of this Policy, seeking damages on account of such bodily injuries or death or destruction of property even if such suit is groundless, false or fraudulent." This clause, in keeping with its provisions, has been generally construed to obligate the insurer to defend suits, even though groundless, false or fraudulent, upon only those claims for which it has assumed liability under the terms of its policy. *United Waste M'f'g. Co.* v. *Company,* 148 N. Y. S. 852 (affirmed without opinion, 169 App. Div. 906); *Henderson Lighting &c. Co.* v. *Company,* 153 N. C. 275; *Brodek* v. *Insurance Co.,* 292 Ill. App. 363. And the question of whether or not an action is upon a claim for which the insurer has assumed liability is to be determined by reference to the allegations of the declaration in the action against the insured. *Fessenden School Inc.* v. *Insurance Co.,* 289 Mass. 124; *Lunt* v. *Insurance Co.,* 261 Mass. 469.

In the case at bar it is undisputed that both of the Bullard actions were upon claims for which the plaintiff gave coverage at the time when those actions were brought, and the plaintiff, in accordance with its contractual obligation, assumed their defence. It thereafter prosecuted its defence of both actions until in one of them a final judgment was rendered for the plaintiff in an amount greater than the limits of coverage provided in the policy of insurance and the plaintiff thereupon paid that judgment to the extent of its coverage. This payment, as appears above, fully satisfied the plaintiff's contractual obligation to pay McCarthy's liability for the injuries suffered by the Bullard child, and the plaintiff takes the position that its duty to conduct the defence of the action by Bullard senior which remains undisposed of ceased when its duty to pay that claim ceased, because thereafter that suit was upon a claim no longer within the terms of the policy. The answer to this contention depends upon whether or not, under its policy of insurance, the plaintiff's contractual duty to defend continued to exist after its duty to pay had been fully performed.

There are statements to be found in some cases from other jurisdictions to the effect that the duty to defend is independent of the duty to pay (*Mannheimer Bros.* v. *Company*, 149 Minn. 482; *Minnesota &c. Co.* v. *Company*, 173 Minn. 114; *Fullerton* v. *Company*, 184 Iowa 219), but it is to be noted that in these cases the question was not directly involved, and we are of the opinion that these statements adopt an unsound view of the plaintiff's contractual obligation. Briefly summarized, the salient provisions of that obligation were to pay, within specified limits, on behalf of the insured and subject to the conditions of the policy, "all sums which the Assured shall become obligated to pay by reason of the liability imposed upon him by law for damages" in certain enumerated contingencies, and, in addition, to serve him by investigation, settlement or litigation, as it may deem expedient, of all claims coming within the terms of the policy. The insurer also agreed to defend the assured, in the language quoted earlier in this opinion, and to pay the expenses incurred "for investigation, negotiation or defense" and some other specified costs ordinarily incident to the conduct of litigation by a defendant. The policy also imposed certain obligations upon the insured. He agreed to give "immediate written notice of accident" to the insurer, which notice shall contain particulars of time, place and circumstances; to coöperate with the insurer by giving his aid in "effecting settlements, securing and giving evidence, the attend-

ance of witnesses and in prosecuting appeals," and he furthermore agreed that he would not "voluntarily assume any liability, settle any claim or incur any expense other than for immediate surgical relief, except at his own cost, or interfere in any negotiation or legal procedure without the consent of the Company previously given in writing."

Construing each of the above reciprocal obligations of the policy in the light of the others, that is, construing all parts of the policy together in accordance with the rule of construction of contracts here in effect (Hening, N. H. Dig. 285), it seems to us that the primary obligation imposed upon the insurer was to pay the insured's legal liability for damages on account of the contingencies specified, and that the other provisions were dependent thereon and designed to implement that primary obligation. Certainly the provisions of the policy with respect to the settlement or defence of actions against the insured are such as one would naturally expect to find in an agreement of this kind because they are essential to the protection of the insurer from false or exorbitant claims. They are natural concomitants of the insurer's duty to pay the insured's liability but to construe them as independent of that duty to pay would result, in view of the provisions of the policy which give the insurer full control over the settlement of claims and the conduct of litigation, in placing the duty of defence upon the shoulders of one not obligated to pay, and in removing control over settlement and litigation from the hands of the insured who, in the event of a verdict and final judgment against him, would have to pay damages. We cannot assume, in the absence of express words, that such a result was in the contemplation of the parties to the contract of insurance.

As we construe the policy it obligates the insurer to pay the liability of the insured up to the policy limits, and in addition thereto to pay those items of expense which it has definitely assumed. Until these duties of payment are fully performed, it also has the duty either to settle or to conduct the defence of actions against the insured. But, upon performance of its duties of payment its duty to defend ceases to exist and the further defence of any action pending thereafter must be conducted and may be controlled by the insured.

This does not necessarily mean that the insurer may elect to pay the full limit of its coverage to the insured and thereby cast upon his shoulders the full burden of investigation, settlement or defence from the beginning. The reason for this is that the plaintiff, unlike the insurer in *Sanders* v. *Insurance Co.*, 72 N. H. 485, did not so

stipulate in its policy. Neither do we mean to hold that an insurer may abandon its defence of a claim within the terms of its policy in mid-course and under circumstances which are prejudicial to the rights of the insured. *Brassil* v. *Company*, 210 N. Y. 235. Having elected to defend rather than to settle, the insurer's duty is to defend in good faith and with due diligence and in such a way as to protect the rights of the insured, but, having done so up to final judgment and then having paid that judgment and incidental expenses to the full limit of its obligation, we are of the opinion that it thereafter has no duty of defence.

It follows that the first question must also be answered in the negative.

*Case discharged.*

BRANCH, J., dissented: the others concurred.

BRANCH, J., dissented, as to the answer to the first question, upon the ground that the answer given in the majority opinion disregards the language of the policy and construes the promise of the insurance company to defend, not as an undertaking for the benefit of the assured, but as a stipulation for the benefit of the insurer.

Hillsborough, Oct. 3, 1939. } No. 3067.