### JONES v. ST. PAUL FIRE & MARINE INS. CO.

No. 9193.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1939.

Dan MacDougald, of Atlanta, Ga., C. W. Kennedy, Jr., of Crockett, Tex., and Austin Y. Bryan, Jr., of Houston, Tex., for appellant.

L. E. Elliott, of Dallas, Tex., and W. L. Kemper, of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

Homer Jones lost cotton by a fire. He had a policy of insurance on cotton with St. Paul Fire & Marine Insurance Company on which he had paid premiums amounting to $1,096, but as written it did not cover the lost cotton. Jones brought a bill in equity to reform the policy upon the ground of mutual mistake, and to recover his loss. He prayed for those things and general relief. The defendant resisted reformation and affirmatively set up breaches of warranty. Jones replied by denying the breaches and asserting waiver and estoppel. At the close of all the evidence the defendant orally moved for a decree on the ground that the evidence showed not a mutual mistake but a failure of minds to meet on any contract, and tendered return of the premiums paid. This motion stated that it was without prejudice to defences arising on the face of the policy. The District Court granted reformation, and gave a recovery for the value of the cotton. On appeal to this court there was a reversal because of a total failure to keep the cotton records warranted to be kept, unwaived and unestopped. No direction was given, but the case was remanded for further consistent proceedings: 5 Cir., 98 F.2d 448.

Ten days after the mandate was filed on Dec. 30, 1938, the Insurance Company filed a motion for a final decree in its favor because required by the opinion of this Court. At the same time Jones filed a motion for judgment in his favor for the $1,096 paid as premiums, both because it had been tendered back as above stated, and also because the undisputed evidence was, and this Court had held, that the failure to keep records had existed from the beginning, so that the policy was at once voided, and by a provision of the policy itself the unearned premium was to be repaid if the policy became void or ceased. Jones also filed without allowance by the judge, but with service on the opposite party, an amendment of his pleadings claiming as alternative relief the recovery of the premiums on the same grounds. The Insurance Company moved to dismiss the amendment because alleging a new and independent action not within the jurisdiction of the Court, and because setting up no case for relief; and to dismiss Jones' motion for judgment for like reasons. The judge later filed a memorandum opinion in which he treated the motions as motions for summary judgment under Rule of Civil Procedure 56, 28 U.S.C.A. following section 723c. He held that the Insurance Company was entitled to judgment on the original claim, but "I do not think the pleadings, depositions, admissions, affidavits on file (See Rule 56 (c) show plaintiff entitled to summary judgment." Reciting that the amendment did not yet have the court's permission, he held Jones should have the right to secure an order amending his pleadings, so as to set up a cause of action if any he has within the jurisdiction of the court, to be hereafter heard as other cases are heard, subject to be dismissed, stricken or otherwise objected to as prescribed by the Rules of Civil Procedure. A formal judgment was entered in accordance with the opinion. Jones appealed from that part of it which denied him recovery of the $1096 return premium.

A motion is made to dismiss the appeal because the portion of the judgment appealed from is not final. The merits of the questions at issue have also been argued. If the judge had treated the amendment, duly served under Rule 5(a),

as allowed, he might have considered the merits. He evidently took the view that until he allowed it it was, by Rule 15(a), not a part of the pleadings and not to be considered on a motion for summary judgment. He expressly reserved judgment upon the amendment and the motion to strike it. All that he decided was that Jones' motion for summary judgment, on the unamended pleadings, could not be granted, for there was in them nothing about the premiums. His recognition of a right to amend so as to introduce such an issue was correct. The reversal by this Court was granted for further proceedings not inconsistent with the opinion of this Court. True it was not a jury case in which a reversal would wipe out all the evidence as presented in the former trial. It was in an equity case, in which all the evidence theretofore taken stood good, and only the judicial conclusion upon it was wiped out. The parties were free on such a reversal to introduce other evidence and to present by amendment new issues, if not inconsistent with what the appellate court had adjudged. We had adjudged nothing about the premiums. The way was open to introduce an issue about them as fully as it might have been done before the first trial. The new rules seek to require in a civil action what has always been aimed at in an equity suit, that all claims growing out of a single transaction be brought in and settled in the one case. Rules 13, 15(c), 18(a). That one of them alone may involve less than $3,000 is not an obstacle if the controversy as a whole involves that much; and jurisdiction once acquired lasts till the court finishes with all parts of the controversy.

The District Court has expressed no opinion as to whether for either reason put forward the premiums ought to be recovered and we express none. All he has done is to refuse summary judgment as matters stand. And to refuse summary judgment, like overruling a motion to dismiss the action, is not a final judgment because the case still stands for regular trial. Rule 54 allows partial judgments, and appeals from them may be taken where they are final as to the separate claims covered, but it is not contemplated that as to any claim there shall be an appeal until that claim has been finally adjudged. Rule 73 says: "When an appeal is permitted by law from a district court to a circuit court of appeals," etc., and the law, with exceptions not here material, permits appeals to the Circuit Courts of Appeal only of final judgments. 28 U.S.C.A. § 225.

Appeal dismissed.