## HIROSHI MURAMATO v. BLIDBERG ROTHCHILD CO., Inc.

Adm. No. 159-188.

United States District Court
S. D. New York.

Oct. 23, 1950.

William L. Standard, New York City, by Malcolm B. Rosow, New York City, for libelant.

Dougherty, Ryan & Mahoney, New York City, for respondent.

GODDARD, District Judge.

Exceptions to libel.

The suit is for damages resulting from injuries alleged to have been sustained by the libelant while employed as a seaman aboard the S. S. Tomas Guardia on or about November 1, 1945, and for maintenance and cure. At the time the Guardia was owned by the United States and managed by respondent, Blidberg Rothchild Co., Inc. as general agents under a General Agency contract similar to the contract in Cosmopolitan Shipping Co., Inc. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, 1949 A.M.C. 1031.

The respondent was not the employer of the seaman and may not be held liable for damages resulting from the negligence of the master or crew. Cosmopolitan Shipping Co. Inc. v. McAllister, supra; Fink v. Shepard S. S. Co., 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709, 1949 A.M.C. 1045.

Libelant opposes respondent's motion excepting to the libel on the ground that a prior denial of a motion for summary judgment made by defendant in a state action between the same parties involving the same facts but based upon a different legal theory, constitutes res adjudicata and bars the relief now sought by respondent.

The denial of summary judgment is not a final judgment. The case still stands for regular trial. Jones v. St. Paul Fire & Marine Insurance Co., 5 Cir., 108 F.2d 123, 125; Standard Accident Insurance Co. v. Marks, 233 App.Div. 466, 253 N.Y.S. 342.

Only a final judgment upon the merits prevents further contest upon the same issue between the same parties. Brown v. Cleveland Trust Co., 233 N.Y. 399, 405, 135 N.E. 829.

The exceptions to the libel are sustained and the libel is dismissed. Settle order on notice.