McGRATH, Attorney General, v. HUNT, HILL & BETTS.

No. 160, Docket 22199.

United States Court of Appeals Second Circuit.

Argued Feb. 7, 1952.

Decided Feb. 27, 1952.

530

Harold I. Baynton, Asst. Atty. Gen., Myles J. Lane, U. S. Atty., New York City, James D. Hill, George B. Searls, Washington, D. C., and John F. Cushman, Attorneys, Department of Justice, for appellant.

Hunt, Hill & Betts, New York City, George Whitefield Betts, Jr., James E. Bennet, Jr., and Helen F. Tuohy, all of New York City, of counsel, for appellee.

Before SWAN, Chief Judge, and L. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from an order in a proceeding under section 17 of the Trading with the Enemy Act, 50 U.S.C.A. Appendix, § 17. The case was heard upon the petition, answer and supporting affidavits. The order denied the petitioner's application that the respondent be forthwith directed to pay over $5,000 in compliance with a Vesting Order and Turn Over Directive issued by the petitioner and served upon the respondent. Before reaching the merits of the appeal this court must determine its own jurisdiction. Section 17 gives "a right of appeal from the final order or decree" of the district court as provided in sections 128 and 238 of the Act of March 3, 1911. These sections now appear as sections 1291–1293 of Title 28. It is clear from the district court's opinion that the order on appeal is not a final order.[1] Denial of a motion for summary judgment is not an appealable order. In re Finkelstein, 2 Cir., 102 F.2d 688, 689; Marcus Breier Sons v. Marvlo Fabrics, 2 Cir., 173 F.2d 29; Morgenstern Chemical Co. v. Schering Corp., 3 Cir., 181 F.2d 160, 161. Accordingly the appeal must be dismissed.

Appeal dismissed.

---

1. The court concluded its opinion as follows: "Here the respondent has adequately raised the issues by its answer to the petition. The government has not filed any affidavits in reply to the answering affidavits of the respondent. It may do so. But even if the main allegations of the special defenses are controverted by the government, an issue of fact will be presented which should be tried by this court. Under the circumstances no summary order will be granted under Section 17 at this time."