**YOUNG v. GOERIG et al.**

**No. 12721.**

Court of Civil Appeals of Texas.

Galveston.

March 11, 1954.

E. W. Bruce, Baytown, and Gene Bruce, Houston, for appellant.

A. H. Krichamer and Murray B. Jones, Houston, for appellee.

HAMBLEN, Chief Justice.

Appellant has filed herein his motion asking this Court to direct its clerk to file his transcript tendered for filing on February 19, 1954.

The motion reflects that Glen D. Young as plaintiff in the trial court filed therein a motion for summary judgment under the provisions of Rule 166–A, Texas Rules of Civil Procedure. Such motion was denied by the trial court, and from such order this appeal is sought. The question presented therefore is whether an order denying a motion for summary judgment is a final appealable judgment of the trial court. We have concluded that it is not.

The question has been passed upon only inferentially by an appellate court in this State. In Mellette v. Hudstan Oil Corp., Tex.Civ.App., 243 S.W.2d 438 at page 440, the El Paso Court of Civil Appeals expresses the same view that we have reached. However, since the point was not, in that case, essential to the determination of the question then before the court, it is insisted that that opinion is not authority for the proposition.

The source of Rule 166–A, as promulgated by the Supreme Court of Texas, is Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A. That rule, which is substantially identical to our own, has been frequently interpreted by the Federal courts, the procedure of which it governs. The combined effect of the Federal decisions, in so far as the question here presented is concerned, is that the refusal of summary judgment is not a "final judgment" as the case still stands for regular trial, so that no appeal lies from such refusal. Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 108 F.2d 123; Atlantic Co. v. Citizens Ice & Cold Storage Co., 5 Cir., 178 F.2d 453.

We consider the conclusions reached in the cited cases and the reasoning supporting the same to be correct, and accordingly refuse appellant's motion now presented, and dismiss the appeal for want of jurisdiction.