**J. Franklin SPRUILL et al., Appellants,**

v.

**Theodore M. CAGE, Appellee.**

No. 13526.

United States Court of Appeals
Sixth Circuit.

Dec. 9, 1958.

Steel & Finley, Akron, Ohio, for appellants.

Alexander Russell, Akron, Ohio, for appellee.

Before MARTIN and MILLER, Circuit Judges, and GOURLEY, District Judge.

PER CURIAM.

Real estate located in Summit County, Ohio, owned by Samuel Barner and Mitchell Wadley, was sold by the District Director of Internal Revenue for nonpayment of delinquent Internal Revenue taxes. A certificate of sale was issued to the purchasers, the appellants herein. Before the statutory right of redemption expired Barner and Wadley quit-claimed their interest in the property to the appellee, who within the redemption period of one year attempted to exercise the right of redemption. Appellants refused to accept the offer of redemption and the appellee instituted this action praying for a judgment or decree declaring his rights and that his right of redemption be adjudged to exist, and enforced.

Appellants moved for summary judgment praying that they be given a judgment based on "the pleadings or the Petition of the plaintiff be stricken." The District Judge overruled the motion without explanatory reasons or citation of authority in support of the ruling. He later overruled appellants' motion for a rehearing on the motion for summary judgment. No judgment was subsequently entered. This appeal followed, seeking a review of the orders overruling the motion for summary judgment and a rehearing of the same.

◼ We are of the opinion that the rulings complained of are not final decisions of the district court appealable at this time. Sec. 1291, Title 28 U.S. Code; Marcus Breier Sons, Inc. v. Marvlo Fabrics, Inc., 2 Cir., 173 F.2d 29; McGrath v. Hunt, Hill & Betts, 2 Cir., 194 F.2d 529; Morgenstern Chemical Co. v. Schering Corp., 3 Cir., 181 F.2d 160; Diaz v. Crom, 5 Cir., 195 F.2d 517; Dutton v. Cities Service Defense Corp., 8 Cir., 197 F.2d 458.

◼ Appellants' motion, although styled by them as a motion for summary

judgment, was made before the filing of an answer and is, in substance, a motion to dismiss. Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 108 F.2d 123, 125. It specifically prays for a judgment "based on the pleadings." An order overruling a motion to dismiss is not a final judgment and is not appealable because the case still stands for pleadings and issue and for trial thereon. Catlin v. United States, 324 U.S. 229, 236, 65 S. Ct. 631, 89 L.Ed. 911; Southeastern Greyhound Lines v. McCafferty, 6 Cir., 169 F.2d 1, 3; Connell v. Dulien Steel Products, Inc., 5 Cir., 240 F.2d 414, 417.

It is ordered that the appeal be dismissed.