No. 91-012

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

CONTINENTAL INSURANCE COMPANY,

Plaintiff and Respondent,

v.

GENE BOTTOMLY and VAN BOTTOMLY,

Defendants and Appellants.

FILED

SEP 24 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

I. James Heckathorn, Murphy, Robinson, Heckathorn
& Phillips; Kalispell, Montana

For Respondent:

Donald R. Herndon, Herndon, Hartman, Sweeney &
Halverson, P.C.; Billings, Montana

Submitted on briefs: August 1, 1991

Decided: September 24, 1991

Filed:

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Gene Bottomly and Van Bottomly appeal from an order of partial summary judgment granted by the District Court of the Eleventh Judicial District, Flathead County, in favor of plaintiff Continental Insurance Company. The District Court held that neither of the defendants were "residents of the household" of the named insured Richard Bottomly within the meaning of Continental Insurance Company Preferred Farmowner's policy. We reverse.

The issues on appeal are:

1) Whether the District Court erred in granting partial summary judgment to Continental Insurance Company (Continental) which in effect ruled Continental had subrogation rights against Gene and Van Bottomly.

2) Whether an insurance carrier has a right of subrogation against a parent for the negligent acts of his minor child.

3) If an insurance carrier has no right of subrogation, are the appellants entitled to a counterclaim for damages?

A fire destroyed the "Bottomly Cabin" on August 4, 1982. The fire apparently resulted from an electric blanket which had been accidently left on the high setting by Van Bottomly. Sometime prior to the fire, Continental through their agent Richard Green, issued a Preferred Farmowner's Policy covering the Bottomly cabin to Richard V. Bottomly (Appellant Gene Bottomly's brother and Appellant Van Bottomly's uncle). Green was aware that the insured property was recreational in nature and would be used by members of the Bottomly family. No discussions took place between Green and Richard Bottomly as to who additional insureds were under the

2

policy.

A brief history of the Bottomly cabin is necessary. Richard and Gene Bottomly's father, R.V. Bottomly, Sr. homesteaded on Lake McDonald prior to the establishment of Glacier National Park. After R.V., Sr. died in 1961, his widow, Mrs. Mouriel Bottomly became sole owner of the cabin. According to the testimony of appellant Gene Bottomly, sometime prior to Mrs. Bottomly's death in 1979 it was decided that the cabin would be left to the family members who would put time and money into remodeling the cabin. This devise was made with the understanding that all the family members could use the cabin. Mrs. Bottomly subsequently left the cabin to Richard and James Bottomly, Gene Bottomly's brothers.

Gene Bottomly, spent part of every summer at the cabin from 1929 or 1930 throughout his school years and during his adulthood with the exception of the time between 1948 and 1952 while he served in the armed forces and attended the university.

Due to the size of the Bottomly's extended family (some twenty-six or twenty-seven grandchildren) and as a matter of course, Gene Bottomly always asked permission to use the cabin. Prior to his mother's death he would call her for permission. Afterwards he would call his brother Richard Bottomly because he was the oldest. Gene Bottomly was never denied permission to use the cabin. Over the past twenty years Richard and Gene Bottomly have been at the cabin at the same time on approximately fifteen occasions.

The Bottomly cabin was equipped with dishes, sheets, utensils, and other necessities. Almost every year Gene bought something for

3

the cabin. He put in a new stove and a refrigerator. He also donated smaller items such as silverware, sheets, and towels. Gene did not contribute to the utility bills or to the taxes on the property. The general, unwritten family rule was that each family member was to replace any lost, used or damaged items occasioned during their stay.

Continental paid the named insured, Richard Bottomly the loss. Two years later, Continental instituted a subrogation suit against Gene and Van Bottomly. This appeal followed.

The case before us is one of first impression. All material facts are uncontested. Our standard of review is to determine if the District Court's determination as to the law is correct. Steer, Inc. v. Dept. of Revenue, 47 St.Rep. 2199, 803 P.2d 601. There is a dearth of authority pertaining to the applicable law under these facts. That is, who qualifies under a homeowner's policy as an insured for subrogation purposes when the subject matter of the policy is a family seasonal dwelling?

The insurance policy before us contained the following language:

1. "insured" means
    (a) the Named insured stated in the Declaration of this policy;
    (b) if residents of the Named insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of the insured;
    . . .

It is not disputed that Gene and Van Bottomly are related to the named insured Richard Bottomly.

Continental sets forth several cases from various jurisdictions construing similar language contained in the Bottomly

4

policy. However, these cases involve year round residential dwellings, and questions of initial coverage under uninsured automobile policies, or homeowner policies. They do not involve equitable subrogation questions.

The Oklahoma Supreme Court has stated "[S]ubrogation is a fluid concept depending upon the particular facts and circumstances of a given case for its applicability. To some facts subrogation will adhere - to others it will not." Sutton v. Jondahl (1975), 532 P.2d 478, 482, citing Home Owners' Loan Corp. v. Parker (1937), 181 Okl. 234, 73 P.2d 170. Also see Iowa National Mutual Insurance Co. v. Boatright (1973), 33 Colo.App. 124, 516 P.2d 439, where a father negligently caused a fire at his daughter's home while a temporary resident and subrogation did not adhere.

In Home Ins. Co. v. Pinski Brothers (1972), 160 Mont. 219, 500 P.2d 945, Home Insurance Company, which paid an explosion loss, claimed subrogation rights against a policyholder who held a liability policy with one of Home's subsidiaries. Id. at 226, 500 P.2d at 949. In Pinski we held as follows:

> No right of subrogation can arise in favor of an insurer against its own insured since, by definition, subrogation exists only with respect to rights of the insurer against third persons to whom the insurer owes no duty . . . . [t]o allow subrogation under such circumstances would permit an insurer, in effect, to pass the incidence of the loss, either partially or totally, from itself to its own insured and thus avoid the coverage which its insured purchased. Id., 500 P.2d 949.

Gene and Van Bottomly maintain that Reeder v. Reeder (1984), 217 Neb. 120, 348 N.W.2d 832, is controlling. In Reeder, when Theodore Reeder moved to Texas his brother Bernard Reeder moved into Theodore's home temporarily while his own underwent

5

construction. Theodore agreed to keep the insurance on the house with the intent that while Bernard and his family occupied it their interests would be protected. Id. at 833. The Nebraska Supreme Court determined that while the relationship created by the two brothers could be likened to both landlord/tenant and licensor/licensee it was neither. Reeder at 834.

The Reeder court reasoned that the question was "whether the carrier by seeking to recover from Theodore Reeder's 'guest,'is in effect, seeking to recover from the insured himself for the very risk that the carrier insured and for which it received premiums." Reeder at 835. The court stated that however the relationship is characterized, "that by permitting the carrier to sue the brother, in effect the carrier is suing the insured. This we believe the carrier may not do." Reeder at 836. We agree with the Nebraska Supreme Court.

Further, we stated in St. Paul Fire & Marine v. Thompson (1967), 150 Mont. 182, 187, 433 P.2d 795, 798, "[T]he test is not what the insurer intended the words to mean but what a reasonable person in position of an insured would understand them to mean."

In the case before us Richard Bottomly purchased an insurance policy for the family cabin. In his sworn affidavit he stated he believed that his brother, Gene Bottomly, and nephew Van Bottomly, were members of his household and that their interests were protected under the policy.

Richard Green, the selling agent, testified by deposition that he was aware the Bottomly cabin was a seasonal dwelling used for recreational purposes by members of the Bottomly family and

6

friends.

Under these circumstances, it was reasonable for an insured to believe the insurance covered such family members. We therefore conclude Gene and Van Bottomly qualified under a homeowner's policy covering a family seasonal dwelling, as insureds for subrogation purposes.

Because we do not hold that Continental has the right of subrogation under the facts we do not reach the issue of whether Gene Bottomly can be liable for the negligence of his son Van Bottomly.

Gene and Van Bottomly maintain that the summary judgment issued on their counterclaim for damages against Continental should be reversed. Because appellant's brief does not set forth an argument on the issue we regard the issue as abandoned.

The District Court's order for partial summary judgment on behalf of Continental Insurance Company is

Reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

September 24, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

I. James Heckathorn & Pamela L. Miller
Murphy, Robinson, Heckathorn & Phillips
P.O. Box 759
Kalispell, MT  59903

Donald R. Herndon
Herndon, Hartman, Sweeney & Halverson
P.O. Box 80270
Billings, MT  59108-0270

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:
Deputy