**AMERICAN SIMMENTAL ASSOCIATION, a Montana Non–Profit Association, Plaintiff,**

v.

**COREGIS INSURANCE COMPANY, an Indiana Corporation, Defendant/Third Party Plaintiff,**

v.

**St. Paul Fire & Marine Insurance Company, a Minnesota Corporation, Defendant/Third Party Defendant.**

**No. 4:98CV3327.**

United States District Court, D. Nebraska.

Feb. 4, 2000.

---

R. Murray Ogborn, Vollis E. Summerlin, Jr., Krista L. Kester, Ogborn, Summerlin Law Firm, Lincoln, NE, for plaintiff.

William R. Johnson, Lamson, Dugan Law Firm, Omaha, NE, Jeffrey A. Goldwater, Robert S. Marshall, Bollinger, Ruberry Law Firm, Chicago, IL, for defendant/third party plaintiff.

P. Shawn McCann, Sodoro, Daly Law Firm, Omaha, NE, Rebecca R. Haller, Vineet Gosain, Oppenheimer, Wolff Law Firm, Chicago, IL, Bethany K. Culp, David M. Wilk, Oppenheimer, Wolff Law Firm, St. Paul, MN, for defendant/third party defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

St. Paul Fire & Marine Insurance Company (St. Paul) has filed a motion to file a renewed motion for summary judgment or in the alternative to certify this matter for interlocutory appeal. I will deny the motion for both procedural and substantive reasons.

First, the motion is not timely. St. Paul's motions, including motions for summary judgment, were to be filed no later than September 28, 1999. (Filings 10, 29, and 65). The case upon which St. Paul now relies (*Callas Enterprises, Inc. v. Travelers Indemnity Co.,* 193 F.3d 952 (8th Cir.1999)) was decided after St. Paul's summary judgment motion was filed but prior to my opinion denying St. Paul's motion. St. Paul did not rely upon that case or bring it to my attention prior to my decision. Indeed, more than two months passed after my decision before

St. Paul called the opinion to my attention. The fact that St. Paul belatedly found another case that might help it is not a reason to extend the motion deadline.

Second, and more importantly, the *Callas* opinion is not substantively persuasive. Initially, the facts of *Callas* are materially different. Still further, *Callas* applied Minnesota law and I was required to apply Montana law. As noted in my earlier opinion, the rules in Montana favor the insured in this type of coverage dispute. For example, the duty to defend is an obligation which "precludes [the insurance company] from interpreting factual assertions narrowly, and mandates the [insurance company] to construe the factual assertions from the perspective of the insured." *Grindheim v. Safeco Ins. Co.,* 908 F.Supp. 794, 801 (D.Mont.1995). Moreover, "the terms are to be interpreted according to what a 'reasonable person in the position of the insured would understand them to mean.'" *Id.* at 800 n. 6 (citing *St. Paul Fire & Marine Ins. Co. v. Thompson,* 150 Mont. 182, 433 P.2d 795, 799 (1967)). Finally, my reading of the Montana cases suggests that Montana will often follow California law when Montana precedent is lacking. California law favors the insured in a case like this one. *See Atlapac Trading Co. v. American Motorists Ins. Co.,* No. CV97–0781 U.S.Dist. Lexis 21943 *8–9 (C.D.Cal. Sept. 23, 1997) (using a "reasonable expectation of the insured standard," claim that insured, Atlapac, falsely labeled its olive oil products as "pure olive oil" was covered under "misappropriation of advertising ideas and style of doing business" provision of insurance policy; Atlapac was sued by Tama Trading, another olive oil producer, under the Lanham Act; applying California law).

IT IS ORDERED that the motion (filing 111) to file a renewed motion for summary judgment or in the alternative to certify this matter for interlocutory appeal is denied.