Sheri LEE, individually and as the Guardian and Conservator for Gabriel Wagoner, a disabled person, Plaintiff–counter–defendant–Appellant,

and

Heather Hume, individually and as the parent and natural guardian of Casden Hume, a minor child, Plaintiff-counter-defendant,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY, a Connecticut corporation, Counter-defendant—Appellee.

No. 03–35319.

D.C. No. CV–01–00128–DMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 15, 2004.

Douglas W. Marshall, Marshall Law Firm, Bozeman, MT, for Plaintiff–Counter–Defendant–Appellant.

Patrick M. Sullivan, Poore Roth & Robinson, Butte, MT, for Counter–Defendant–Appellee.

Before D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM *

Plaintiffs appeal from the entry of summary judgment against them in their complaint for declaratory and other relief. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The question presented in this appeal is whether the district court correctly held that Gabriel Wagoner, his girlfriend, and their son qualified as "family members" under the underinsured motorist and medical payments provision of his mother and stepfather's automobile insurance policy. The policy defined "family members" as "residents of the [named insured's] household" at the time of the accident.

The district court correctly analyzed this question under the analysis specified by the Montana Supreme Court in *Farmers Union Mutual Insurance Co. v. Blair*, 250 Mont. 52, 817 P.2d 1156 (1991), which in turn adopted the rationale of *Iowa National Mutual Insurance Co. v. Boatwright*, 33 Colo.App. 124, 516 P.2d 439 (1973). Under *Boatwright*, the meaning of the term "residents of the household" is determined by examining the following factors: (1) the subjective or declared intent of the individual, (2) the formality or informality of the relationship between the individual and members of the household, (3) the existence of another place of lodging by the alleged resident, (4) and the relative permanence or transient nature of the individual's residence in the household. *Id.* at 1158, 516 P.2d 439.

The district court properly applied the *Boatwright* factors to the undisputed material facts and concluded that Wagoner was not a member of the Lee/Fackler household. Wagoner had moved out of the Lee/Fackler house long before the accident. He was living in a trailer with his girlfriend and their son. He only occasionally spent the night at the Lee/Fackler residence. The record is clear that Wagoner's subjective intent was not to be a resident of the Lee/Fackler household. The formal relationship at the time of the accident was that Wagoner was purchasing the trailer from Lee and Fackler. He maintained his lodging apart from the Lee/Fackler family. Any time spent at the Lee/Fackler household was purely transient and not permanent. Thus, Wagoner is not covered under his mother and stepfather's automobile insurance policy.

*Continental Insurance Co. v. Bottomly*, 250 Mont. 66, 817 P.2d 1162 (1991) is not to the contrary. *Bottomly* involved a homeowner's insurance policy that covered a cabin owned and used exclusively by different members of the same family. *Id.* at 1163. There was evidence that all parties to the insurance transaction, including the insurance carrier, were aware of the nature of the recreational property and how it was going to be used. *Id.* The issue in *Bottomly* was narrowly limited to the question "who qualifies under a homeowner's policy as an insured for subrogation purposes when the subject matter of the policy is a seasonal family dwelling." *Id.* at 1164. The Montana Supreme Court carefully distinguished seasonal dwellings from permanent residences and questions of initial coverage from those involved in equitable subrogation claims. It is inapposite to the case at bar. The district court correctly recognized the difference and properly granted summary judgment to the insurer in this case.

**AFFIRMED.**

---

* This disposition in not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.