516 P.2d 439 (1973)
IOWA NATIONAL MUTUAL INSURANCE COMPANY, an Iowa corporation, Plaintiff-Appellant,
v.
Virgil A. BOATRIGHT, Administrator of the Estate of Alfred E. Nelson, deceased, Defendant-Appellee.
No. 72-425.
Colorado Court of Appeals, Div. II.
November 6, 1973.
White & Steele, Stephen K. Gerdes, Denver, for plaintiff-appellant.
Wood, Ris & Hames, William K. Ris, Donald L. Cook, Denver, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff, Iowa National Mutual Insurance Company, appeals from entry of summary judgment in favor of defendant in a negligence action. We affirm.
This case arose as the result of a fire which occurred on February 2, 1971, in a home owned by Mrs. Alpha Burns in Omaha, Nebraska. At the time of the fire there was in full force and effect a homeowner's insurance policy issued by plaintiff containing both fire insurance on the home and general liability insurance. Plaintiff paid Mrs. Burns $16,988.59 to reimburse her for the loss and then brought suit, as the subrogee to the rights of the insured, *440 against the estate of Mr. Alfred E. Nelson, who died in the fire. Plaintiff alleged that the fire was caused by the negligence of Mr. Nelson, the father of the insured.
After filing his answer, defendant moved for summary judgment on the ground that Nelson was not subject to suit by the insurer because he was an insured under the terms of the policy which reads in pertinent part as follows:
"(a) INSURED: The unqualified word `Insured' includes (1) the Named Insured and (2) if residents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an insured."
The parties stipulated that decedent qualified as a relative under the terms of the policy, but the construction of the term "residents of his household" was placed in issue.
At the hearing on the motion for summary judgment, the deposition of Mrs. Elsie Nelson, the wife of decedent, was submitted. At the conclusion of the hearing, the trial judge ruled that Mr. Nelson was an insured within the terms of the policy, entered summary judgment for defendant, and dismissed the case. On appeal plaintiff contends that the trial court erred in its construction of the term "residents of his household" and that summary judgment was improper because the case presents a genuine issue of material fact.
In ascertaining the meaning of the term "residents of his household", a number of factors have been designated as being important. Among them are the following: The subjective or declared intent of the individual, Hardware Mutual Casualty Co. v. Home Indemnity Co., 241 Cal.App.2d 303, 50 Cal.Rptr. 508; the formality or informality of the relationship between the individual and the members of the household, Pamperin v. Milwaukee Mutual Insurance Co., 55 Wis.2d 27, 197 N.W.2d 783; the existence of another place of lodging by the alleged resident, State Farm Mutual Automobile Insurance Co. v. Holloway, 423 F.2d 1281 (10th Cir.); and the relative permanence or transient nature of the individual's residence in the household, Hardware Mutual Casualty Co. v. Home Indemnity Co., supra.
No one factor by itself is determinative of the ultimate issue. All must be considered in light of the basic consideration of whether the parties to the insurance contract intended that coverage would extend to the alleged insured.
In the instant case, the unrebutted testimony contained in the deposition of Mrs. Nelson showed that decedent and his wife went to the home of their daughter to care for her children while she was in the hospital and during her period of convalescence. They intended to stay for a month or more or as long as they were needed. They had complete access to the entire house, purchased and prepared food for themselves and the children, and performed repairs on the home. The fire which caused the damage to the house and the death of decedent occurred while he was cleaning paint brushes used in maintenance of the home. After taking into account the various facts and circumstances of the relationship and considering them in light of the factors stated previously, we conclude, as did the trial court, that the decedent, Alfred E. Nelson, was a resident of the household.
Plaintiff also maintains that it was improper to render summary judgment because the case presents a genuine issue of material fact. Plaintiff maintains that although the parties agreed upon the facts before defendant's motion for summary judgment was submitted to the trial court for determination, the application of the agreed facts to the law presents a question of fact to be resolved by a jury.
We agree that when there is a conflict in the evidentiary facts necessary for resolution of the issue, residence, so far as coverage under the policy is concerned, is a question of fact and must be decided by the trier of fact. Hardesty v. State Farm Mutual Automobile Insurance Co., 10 Cir., 382 F.2d 564; Cal-Farm Insurance Co. v. *441 Boisseranc, 151 Cal.App.2d 775, 312 P.2d 401. See Carlson v. District Court, 116 Colo. 330, 180 P.2d 525. However, the facts contained in Mrs. Nelson's deposition were not disputed or contradicted and were probative of the fact that defendant met the criteria of being a resident of the household. Summary judgment is proper when movant's direct, positive and uncontradicted evidence is opposed only by an unsupported contention that a contrary inference from the evidence might be possible. United States v. O. Frank Heinz Construction Co., D.C., 300 F.Supp. 396. Accordingly, we conclude the trial court properly granted summary judgment.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.