528 P.2d 420 (1974)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff-Appellee,
v.
Jean Marie MIONE, now Jean Marie Schmidt, Defendant, and
Frederick W. Baker et al., Defendants-Appellants.
No. 74-056.
Colorado Court of Appeals, Div. III.
November 6, 1974.
Bennett, Heinicke, Morrison & Hollaway, John F. Bennett, Colorado Springs, for plaintiff-appellee.
Walton, Tammen & Hudson, Ron J. Robinson, Colorado Springs, for defendants-appellants.
Selected for Official Publication.
RULAND, Judge.
Defendants Frederick W. Baker, Mau Tsen Baker, and Randy Lee Baker were injured in a collision involving their automobile and an automobile driven by defendant Jean Mione. Bakers filed suit against Jean, her husband, and her father, Col. Anthony J. Mione, to recover damages alleging that the collision resulted from the negligence of Jean. Thereafter United Services Automobile Association (USAA), plaintiff, initiated the present action against the defendants for declaratory judgment, seeking a determination that liability coverage under the terms of an auto insurance policy issued to Col. Mione did not extend to Mione's daughter, Jean. The trial court entered judgment in favor of USAA. Bakers appeal; we affirm.
*421 The following facts are not disputed. At the time the policy under consideration was issued, Jean was living in her parents' home and was listed on the policy as an operator of the insured vehicles. On November 8, 1971, Jean, then 19 years old, left her parents' home following a family dispute to live at her fiance's apartment until their marriage. At that time, Jean gave to her father the keys to the house and her military identification card. She did not return to her father's house after this date except for a brief visit to wish her sister a happy birthday and to pick up some personal belongings. Jean was employed while living with her parents and continued her employment thereafter. She and her fiance were married on December 21.
On November 17, Col. Mione directed USAA by letter to exclude Jean from the policy, and an endorsement to this effect was issued dated November 30, 1971, "effective from November 19, 1971." On November 21, Jean was driving her fiance's automobile when it collided with a car in which the Bakers were riding.
Relative to operation of vehicles which are not owned by the insured, the policy provides:
"Persons insured: The following are insured under Part I [Liability] . . .
"(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative. . . .
"Definitions: Under Part 1 . . . `relative' means a relative of the named insured who is a resident of the same household. . . ."
Based on the foregoing, the trial court entered its findings of fact and concluded that Jean was not a resident of Col. Mione's residence on the date of the accident and that, therefore, USAA was not liable for Jean's defense or for payment of any judgment against her arising out of any negligence in the operation of her fiance's automobile.
In this appeal, Bakers first contend that a minor must be deemed as domiciled in her parents' household until she is emancipated by law and that thus the term "resident of a household" insofar as it applies to a minor is ambiguous as a matter of law. We disagree.
The question of whether one may be considered the resident of a household is an issue to be determined by the facts and circumstances of each particular case. See Iowa National Mutual Insurance Co. v. Boatright, Colo.App., 516 P.2d 439. Important factors are the subjective or declared intent of the individual, the relationship between the individual and the members of the household, the existence of a second place of lodging, and the relative permanence or transient nature of the individual's residence in the household. Iowa National Mutual Insurance Co. v. Boatright, supra. The fact that the individual is a minor constitutes just one factor to be considered along with all other factors in resolving this issue. See Allen v. Maryland Casualty Co., 259 F.Supp. 505 (W.D.Va.). Here there is substantial and competent evidence to support the trial court's findings and conclusion that Jean intended to and did in fact terminate her residency in her parents' home prior to the accident and thus the findings and conclusion may not be disturbed in this appeal. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.
Bakers also contend that because Jean was a "named operator" under her father's insurance policy, she became a third-party beneficiary with the result that coverage could not be terminated merely at the request of Col. Mione. We find no merit in this contention.
As relevant here to coverage for nonowned automobiles, the named insured is specifically defined by the contract of insurance as "the individual named in Item 1 of the policy declarations and also includes his spouse, if a resident of the same household." Item 1 of the declarations contains only the name of Anthony J. Mione. Otherwise, coverage is limited to relatives who *422 are residents of Col. Mione's household. Hence, we find no basis in the contract for concluding that Jean had any rights under the policy when she ceased being a resident of her parents' home.
Since Jean is not a third-party beneficiary, we need not consider Bakers' further contention that as a minor she may not by her actions revoke her rights as a third-party beneficiary.
Judgment affirmed.
VanCISE and KELLY, JJ., concur.