William J. EGGERT, Cynthia Sharrock, David B. Aigner, Sara Ann Aigner, Duane T. Albrecht, Elinor G. Albrecht, Dan Beales, Leal E. Behrens, Enid Mae Behrens, Individually and as Trustee of the Gertrude T. Little Trust, Gordon K. Blanz, Pat Bobay, Jack R. Caldwell, Waddill Catchings, Al Clancy, Ted Cooper, Michelle Cooper, James F. Corbin, Edwin L. Cruickshank, Robert De Jean, Herbert W. Delaney, Marshall Doty, K.D. Flaskerud, Hai Grossman, Jeannette Grossman, Arthur B. Hayutin, Jerry P. Hill, Daniel A. Hoffman, Janet R. Hoffman, Ronald G. Hoover, Rodney Howe, Milton E. Isaacson, Individually and as Trustee for the Perk-O-Matic Profit Sharing Plan, Stephen Kellogg, Nancy Kellogg, Ross Krummel, Kinney E. Leins, Martin H. Long, Edward A. May, K.R. McKinney, Shirley Ann Mott, Steven J. Mustric, Individually and as Trustee for the Denver Radiological Group, P.C.'s Employee Profit Sharing Trust, Clayton C. Nietfeld, Merle F. Ogle, Marita L. Ogle, Tim Z. Ogle, Waldo M. Peck, Individually and as sole shareholder in Peck & Company, Ronald D. Pingenot, LeRoy J. Schroder, Laverne K. Schroder, Donald R. Sellars, H. Dale Thomas, Individually and as Trustee for the LaJara Clinic, P.C.'s Pension Trust Fund, R. David Van Treuren, Jack L. Ward, and Bruce Wolin, Plaintiffs-Appellants,

v.

The MOSLER SAFE COMPANY, Defendant-Appellee.

No. 84CA1372.

Colorado Court of Appeals, Div. III.

Oct. 9, 1986.

Rehearing Denied Nov. 13, 1986.

Peter M. Smith Law Offices, Peter M. Smith, Denver, for plaintiffs-appellants.

Davis, Graham & Stubbs, Robert H. Harry, C. John Koch, Kimberly T. Henry, Denver, for defendant-appellee.

KELLY, Judge.

In this action for negligence and strict liability, the plaintiffs appeal from a judgment in favor of defendant, Mosler Safe Co. (Mosler). The plaintiffs contend that the trial court erred by: (1) instructing the jury that six of seven original defendants had settled prior to trial; (2) permitting investigating detectives to testify as experts; (3) improperly examining Mosler's expert witness; and (4) granting summary judgment in favor of Mosler on the plaintiffs' strict liability claim. We affirm.

The plaintiffs were individual shareholders in three corporations which owned and operated a commercial vault facility in Denver. Pursuant to a contract with Swiss Security Vaults, Inc. (Swiss), Mosler installed a ventilating device called an Air Guard in the vault ceiling. The contract required Swiss to seal the Air Guard with concrete grouting; however, this work was never done.

Burglars broke into the vault and stole more than $5,000,000, including $3,500,000 in valuables belonging to the plaintiffs. The evidence indicates that the thieves entered the vault in one of two ways. They unbolted the ungrouted Air Guard, allowed it to drop to the vault floor, and entered through the unprotected opening, or, using inside information, they walked through an unlocked and unguarded vault door. Police have not solved the crime.

The plaintiffs sued seven defendants: the three corporations; two officers of the corporations; and two companies, including Mosler, which were to provide security equipment and services for the vault. The plaintiffs sued all seven defendants on grounds of negligence, and, in addition, brought a claim against Mosler alleging strict liability for a defective product, i.e., the ungrouted Air Guard. Several months prior to trial, the trial court granted Mosler's motion for summary judgment on the strict liability claim. Just before trial, the other defendants settled with the plaintiffs who then proceeded against Mosler on the negligence claim only. The jury returned a verdict for Mosler and this appeal followed.

I.

The plaintiffs contend that the trial court's instruction about the pre-trial set-

tlement was unduly prejudicial. They argue that the instruction created the impression that the other six defendants had settled because only they, and not Mosler, were liable. We disagree.

■ Absent special circumstances, the fact of settlement by some defendants, but not the amount paid, should be brought to the jury's attention. *Greenemeier v. Spencer*, 719 P.2d 710 (Colo.1986). When this occurs, the jury must be instructed to determine the non-settling defendant's liability without regard to possible liability of any settling party. *Greenemeier v. Spencer, supra*, is dispositive.

## II.

The plaintiffs also contend that the court erred in permitting the investigating police detectives to testify to their expert opinion that the burglary was an "inside job." The plaintiffs argue that the detectives were unqualified to testify as experts because they had not investigated a similar burglary, and because they were unable to solve the crime. We do not agree.

■ Under CRE 104(a) and CRE 702, the trial court determines the qualification of witnesses and has discretion to admit expert witness testimony. An investigating police officer may give expert opinion if the subject is complex, is susceptible to opinion evidence, and the witness is qualified to give an opinion. *Kerby v. Flamingo Club, Inc.*, 35 Colo.App. 127, 532 P.2d 975 (1974). The jury has the option to reject opinion evidence or to give it appropriate weight. *People v. King*, 181 Colo. 439, 510 P.2d 333 (1973).

■ Even though the investigating officers had not solved the burglary, that fact did not negate their qualifications to give their expert opinion that the crime was an "inside job." There being no showing of abuse of discretion by the trial court in ruling on the experts' qualifications, we will not substitute our judgment for that of the trial court. *People v. District Court*, 647 P.2d 1206 (Colo.1982).

## III.

The plaintiffs assert that the trial court's inquiry of Mosler's expert witness on matters outside the scope of the trial was reversible error. We do not agree.

■ Under CRE 614, the trial court may interrogate witnesses, regardless of which party has produced them. It is sometimes the court's duty to question witnesses to develop the truth more fully and to clarify testimony. *People v. Ray*, 640 P.2d 262 (Colo.App.1981). The test for inappropriate questions and comments by the trial court is whether its conduct "so departed from the required impartiality as to deny" one of the parties a fair trial. *People v. Adler*, 629 P.2d 569 (Colo.1981).

■ In this instance, the trial court became interested in the expert witness' investigation of a disastrous catwalk collapse in a Kansas City hotel. The plaintiffs argue that the irrelevant discussion prejudiced their case by bolstering the witness' opinion in the jury's eyes. While a departure of this sort from the merits of the case is undesirable, we find no evidence that it prejudiced the plaintiffs' right to a fair trial. *See People v. Adler, supra.*

## IV.

The plaintiffs also contend that the trial court erred in granting Mosler's motion for summary judgment on the strict liability claim. They argue that genuine issues of material fact remain to be resolved by a jury. Specifically, the plaintiffs assert that: (1) the Air Guard was a component part of the vault; (2) Mosler designed the vault as a system; and (3) the ungrouted Air Guard rendered the vault defective and unreasonably dangerous. As a result, the plaintiffs contend that this defect proximately caused their losses because of the break-in. The plaintiffs also maintain that Mosler failed to warn them of the danger caused by the unsecured Air Guard. We disagree.

A party is entitled to summary judgment when the pleadings, affidavits, depositions, and admissions on file show "there is no

genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972). The trial court should grant a motion for summary judgment under C.R.C.P. 56(c) if the facts are "so certain as not to be subject to dispute," and a reasonable jury would not reach a different conclusion. *Morlan v. Durland Trust Co.*, 127 Colo. 5, 252 P.2d 98 (1952). Even an *apparent* formal controversy is insufficient to thwart the application of C.R.C.P. 56(c) when no genuine issue of material fact exists. *Sullivan v. Davis*, 172 Colo. 490, 474 P.2d 218 (1970).

To recover on a strict liability claim under Restatement (Second) of Torts § 402A (1965), a plaintiff must offer some proof that the defendant placed a defective product, unreasonably dangerous, into the stream of commerce and that the product caused physical harm to the ultimate user or consumer of the product. *Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983 (1975). A product may also be defective if, in order to prevent it from being unreasonably dangerous, the seller must give directions or warning as to the product's use. *Hiigel v. General Motors Corp., supra.*

The issue of causation is normally one for a jury, but if the facts allow reasonable minds to draw but one inference, this issue should be decided by the court as a matter of law. *Baird v. Power Rental Equipment, Inc.*, 35 Colo.App. 299, 533 P.2d 941 (1975).

It is undisputed that Mosler supplied and installed the Air Guard, and that Swiss did not perform the required grouting. Swiss, which had the responsibility for maintaining security, had removed its guards at night and the alarm systems were not working. The burglars removed the unsecured Air Guard from the vault ceiling, ostensibly to gain entrance to the vault. Thus, the trial court properly found that there was nothing defective, unreasonably dangerous, or unsafe about the Air Guard itself. In addition, the court found that the Air Guard was merely a component part of a vault system which was designed, not by Mosler, but by Swiss' agents and subcontractors.

Thus, the plaintiffs opposed Mosler's direct, positive, and uncontradicted evidence only by unsupported contentions that a contrary inference from the evidence *might* be possible, and, under such circumstances, summary judgment for Mosler was proper. *Iowa National Mutual Insurance Co. v. Boatright*, 33 Colo.App. 124, 516 P.2d 439 (1973).

We have considered plaintiffs' other assignments of error and find them to be without merit.

Judgment affirmed.

ENOCH, C.J., and VAN CISE, J., concur.