Jackson WHEELER, Loretta Hoggatt, Robert Grenda, and Ronald Grenda, Plaintiffs–Appellants,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Appellee.

No. 90CA0425.

Colorado Court of Appeals, Div. I.

June 20, 1991.

Treece & Bahr, James L. Treece, Bahr & Butler, P.C., Valerie J. Butler, Littleton, for plaintiffs-appellants.

Wayne L. Johnson, Englewood, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiffs, Jackson Wheeler, Loretta Hoggatt, Robert Grenda, and Ronald Grenda, appeal from a judgment favoring defendant, Allstate Insurance Company. We affirm.

Susan Kerfoot, an adult, was the driver of an automobile involved in a two-vehicle collision that resulted in the death of two occupants of the other vehicle. The vehicle Susan was driving was owned by a third-party who is not connected to this lawsuit.

That vehicle was presumably uninsured. Susan's mother, Grace Kerfoot, however, had motor vehicle liability coverage under a policy issued by defendant.

Plaintiffs obtained a judgment against Kerfoot for the wrongful deaths of the two deceased persons. And, following the entry of that judgment, this action was instigated seeking a determination of whether coverage for the judgments taken in the wrongful death suit extended to Susan under the insurance policy issued to her mother.

Defendant denied coverage, asserting that Susan was not a resident of Grace's household at the time of the accident and had not been so for over a year; therefore, it maintained that no coverage was extended under the policy. A jury determined the issues in favor of defendant.

## I.

Plaintiffs argue that the definition of "resident" and "reside" contained in the policy is contrary to the public policy of the No–Fault Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A). Therefore, they contend that the trial court erred in submitting the issue to the jury pursuant to the policy's definition. We disagree.

The policy defines persons insured to include "a relative of the named insured who is a resident of the same household." The policy then defines "resident" or "reside" to mean:

> "when used with reference to the named insured's household, bodily presence in such household and in [sic] intention to continue to dwell therein. However, the named insured's unmarried and unemancipated children, while away from his household attending school or in the military service, are deemed to be residents of his household."

The statutory definition of an "insured" is the named insured and "relatives of the named insured who reside in the same household as the named insured...." The statute does not define "relative" or "reside." Section 10–4–703(6), C.R.S. (1987 Repl.Vol. 4A).

Plaintiffs concede that Susan was not physically present in the named insured's household on the date of the accident. However, they argue that the definition contained in the policy is too narrow, as it fails to account for the possibility that Susan might return to living in the insured's household. As such, they assert that the jury's consideration of this issue was improperly restricted by the policy's definition, contrary to public policy as set forth in the No–Fault Act. Under the record at issue here, we are unable to conclude that the definition is contrary to public policy.

An insurance contract should be construed to carry out the intention of the parties, and that intention should be ascertained, if possible, from the language in the policy alone. *Columbian National Life Insurance Co. v. McClain*, 115 Colo. 458, 174 P.2d 348 (1946).

Motor vehicle insurance agreements are governed by the No–Fault Act which is controlling in the event of a conflict between the two. *See Allstate Insurance Co. v. Allen*, 797 P.2d 46 (Colo.1990). There is, however, no conflict here. *See* § 10–4–703, C.R.S. (1987 Repl.Vol. 4A); *see also State Farm Mutual Automobile Insurance Co. v. Meyer*, 647 P.2d 683 (Colo. App.1982) (reliance on policy definition of "residing" in determining application of provision), *rev'd on other grounds*, 689 P.2d 585 (Colo.1984).

Plaintiffs argue that the jury should have been instructed to resolve the issue of Susan's residence according to the analysis and factors provided in *Iowa National Mutual Insurance Co. v. Boatright*, 33 Colo. App. 124, 516 P.2d 439 (1973) and *United Services Automobile Ass'n v. Mione*, 34 Colo.App. 448, 528 P.2d 420 (1974). These cases are inapposite. The insurance policy here is complete in itself, and, contrary to the policies at issue in the above cases, it provides an internal definition of "resident" or "reside."

Even if we assume the absence or inapplicability of the policy's definition, the factors in the cited cases presume, initially, some intended presence in the insured's

home. Here, there is no dispute that Susan had an independent residence apart from her mother at the time of the accident and nothing in the record would indicate any intention that she would return to her mother's home, even on a temporary basis. Also, there is no indication from the record on appeal whether evidence was presented as to a contrary intent of the contracting parties regarding the scope of coverage, or as to the transient or formal nature of Susan's living situation. *See Iowa National Mutual Insurance Co. v. Boatright, supra; United Services Automobile Ass'n v. Mione, supra.*

The record indicates that Susan was not living in the household of her mother, the insured, at the time of the accident and that she was not otherwise "residing" in the insured's household under the policy's definition. She is not, in these circumstances, an insured person within the terms of the policy. *See Morrison v. Droll,* 41 Colo.App. 354, 588 P.2d 383 (1978).

 There is nothing in the record before us to indicate that the policy's definition is contrary to public policy or the No–Fault Act. *See* § 10–4–702, C.R.S. (1987 Repl.Vol. 4A). Nor may it be effectively argued here that refusing to extend coverage to an emancipated and independent adult who operates a third-person's vehicle is contrary to public policy. Under both the statute and policy provision, coverage is restricted to a relative maintaining residence in the same household.

## II.

Plaintiffs next contend that the trial court erred in refusing to instruct the jury to resolve the ambiguous policy provisions against the insurer. This contention is without merit.

Whether a document is ambiguous is a question of law. An insurance contract may be considered ambiguous when the wording of a clause appears susceptible to more than one interpretation.

*Chacon v. American Family Mutual Insurance Co.,* 788 P.2d 748 (Colo.1990).

Here, the policy provisions are plain and unambiguous. And, since the policy is not in contravention of public policy, it will be enforced according to its terms as the best indicator of the parties' intent. *See Chacon v. American Family Mutual Insurance Co., supra.*

Judgment affirmed.

RULAND and VAN CISE *, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).