## MIDWEST MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,

v.

Denise Marie TITUS, Mary Dureal Titus, Verle Eugene Titus, David M. Johnson, Guardian Ad Litem for Denise Titus, Penrose–Saint Francis Healthcare Systems, and Department of Social Services, State of Colorado, Defendants–Appellants.

No. 92CA0083.

Colorado Court of Appeals, Div. I.

Feb. 11, 1993.

Law Firm of Mike Hilgers, Jeffery M. Grass, Arvada, for plaintiff-appellee.

Ronald A. Peterson, Colorado Springs, for defendants-appellants.

Opinion by Judge DAVIDSON.

Defendants appeal from the summary judgment determining that Denise Marie Titus was not insured under the automobile insurance policy issued to her father, Verle Eugene Titus, by plaintiff, Midwest Mutual Insurance Company. We affirm.

Denise Titus, then 17 years old, was walking along a road when she was struck and injured by an uninsured motorcyclist.

At that time, Verle Titus was the named insured under an automobile insurance policy issued by plaintiff. The policy provided personal injury protection coverage to the named insured and "any relative." "Relative" was defined as "the spouse or any other person related to the named insured by blood, marriage or adoption ... who is a resident of the same household as the named insured, whether or not temporarily residing elsewhere."

The policy also provided uninsured motorist protection to the named insured and "any family member," defined as "a person related to you by blood, marriage or adoption who is a resident of your household." Although the policy does not define the term "household," its generally accepted meaning is "those who dwell under the same roof and compose a family." *Webster's Third New International Dictionary* 1096 (1986).

Plaintiff brought this declaratory judgment action, asserting that Denise was not insured because, although she was a relative of the named insured, she was not a resident of his household. On motion for summary judgment, the trial court found the following undisputed facts as to Denise's residence:

[She] was a minor who was residing with her mother, Mary Titus. Further, that Mary and Verle were in the process of dissolving their marriage, and Mary had had temporary physical custody of Denise for over a year prior to this accident. It is further undisputed that Denise had not expressed any intent to be a resident of Verle's household, but rather, had expressed intent to live with her mother or perhaps with her husband-to-be. It is further undisputed that in fact Denise had never lived in her father's house at [his address at the time of the accident].

Based on those facts, the trial court determined that Denise was not insured under the policy issued by plaintiff.

Defendants contend that the trial court erred in holding that there was no uninsured motorist or personal injury protection coverage available for defendants. They argue that Denise had dual residency with both parents or was a resident of her father's house, but temporarily absent. We disagree.

■ Generally, whether an individual is the "resident of a household" is determined under the facts and circumstances of each case. Important factors include the subjective or declared intent of the individual, the relation between the individual and the members of the household, the existence of a second place of lodging, and the relative permanence or transient nature of the individual's residence in the household. That the individual is a minor is just one factor to be considered. *United Services Automobile Ass'n v. Mione*, 34 Colo.App. 448, 528 P.2d 420 (1974). Consideration of all relevant circumstances must reveal "some intended presence in the insured's home." *See Wheeler v. Allstate Insurance Co.*, 814 P.2d 9, 10 (Colo.App.1991).

■ In addition, if, as here, the individual is the child of divorced or separated parents, the child is considered to be a resident of the household in which he or she actually lives. The child, however, may reside in more than one household if he or she spends substantial time in each under joint custody or visitation arrangements. *See* 12 G. Couch, *Cyclopedia of Insurance Law* § 45:279 (1981); 2 I. Schermer, *Automobile Liability Insurance* § 27:03 [1A & 1B] (Rev.2d ed. 1992).

■ Here, none of the Titus family's custody, visitation, and living arrangements suggest that Denise, at any pertinent time, "resided" with her father. It was undisputed that for more than a year before the accident Denise had not lived with her father, but rather was in her mother's "sole care and custody" under the temporary orders in the dissolution of marriage action. Her father stipulated to that arrangement and had only supervised visitation rights, which he had not exercised for several months. There was no evidence that Denise was a resident of or temporarily absent from her father's household, having had no presence in it.

Thus, on this record, the trial court properly determined that Denise was not a resident of her father's household. *See United Services Automobile Ass'n v. Mione, supra.* Contrary to defendants' assertion, any different post-accident custody or residential arrangements are irrelevant here.

We decline to address defendants' additional argument as to uninsured motorist coverage for Verle Titus. The court expressly made no conclusion "whether or not Verle Eugene Titus has a claim of his own for bodily injury under the uninsured motorist policy."

The judgment is affirmed.

PIERCE and METZGER, JJ., concur.