Carol POTTER, Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation, Defendant–Appellee.

No. 99CA0146.

Colorado Court of Appeals,
Div. I.

Feb. 3, 2000.

Koncilja & Koncilja, P.C., Lawrence D. Saunders, Pueblo, Colorado, for Plaintiff–Appellant.

Halaby, Cross & Schluter, Jonathan A. Cross, E. James Wilder, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge NEY.

In this declaratory judgment action, plaintiff, Carol Potter, appeals the summary judgment entered in favor of her insurer, defendant State Farm Mutual Automobile Insurance Company (State Farm). We reverse and remand with directions to enter judgment in favor of plaintiff.

Plaintiff was a passenger in an uninsured car, driven by her son, when she was injured in a collision. The other driver was at fault, but was also uninsured.

Plaintiff filed a claim with State Farm for uninsured motorist benefits under her own policy. This policy excluded coverage:

(2) for bodily injury to an insured (a) while occupying ... a motor vehicle owned by ... [a] relative if it is not insured for this coverage under this policy.

The policy defined a relative as:

A person related to you or your spouse by blood, marriage or adoption who lives with you.

State Farm denied the claim on the basis that plaintiff was excluded from coverage because she was in a vehicle owned by her son, who was related to her and lived with her.

Plaintiff filed this declaratory judgment action to determine the rights of the parties under her policy with State Farm. Both parties subsequently filed motions for summary judgment.

The trial court found that plaintiff's son lived with her, and he was the owner of the vehicle at the time of the accident. Thus, the trial court found the exclusion applied and granted summary judgment in favor of State Farm. This appeal followed.

I.

■ Plaintiff contends that: (1) the court erred in granting summary judgment, because the policy was ambiguous as to when a relative was the "owner" of a vehicle and (2) that there was an issue of material fact regarding whether plaintiff's son owned the vehicle involved. Specifically, plaintiff argues that an "owner" of a vehicle may be either a titled owner or a registered owner. We disagree.

The uncontested facts are that the son was the titled owner of the car, but had not registered the vehicle in his name. The son testified he did not believe he was the owner of the vehicle because he had not yet paid any money to the prior owner for the car.

■ Under Colorado law, a "certificate of title shall be prima facie evidence ... that the person in whose name said certificate is registered is the lawful owner of the vehicle therein described." Section 42–6–107(2), C.R.S.1999. A certificate of title evidences a rebuttable presumption of ownership. *Martinez v. Allstate Insurance Co.*, 961 P.2d 531 (Colo.App.1997).

Although the son indicated he did not believe the vehicle was his, because he had not paid for it, we agree with the trial court that the son was the owner of the car. The evidence presented by the son that he did not believe he owned the car at the time, and that he had not registered it, was insufficient to rebut the presumption that the name on a car's title indicates ownership. *See Doenges–Glass, Inc. v. General Motors Acceptance Corp.*, 175 Colo. 518, 488 P.2d 879 (1971) (comparing New York law which recognizes a distinction between certificates of registration and of title).

We conclude that the term "owner" was not ambiguous, and no material issue of fact remained since the vehicle was titled in the son's name.

## II.

■ Plaintiff also argues the trial court erred in not determining whether the phrase "living with" in the policy exclusion was ambiguous. We agree.

■ Insurance policies are contracts and an interpretation thereof is a matter of law which this court reviews *de novo*. An insurance policy must be construed in favor of coverage, and against limitations, when provisions within the policy are ambiguous. *Bohrer v. Church Mutual Insurance Co.*, 965 P.2d 1258 (Colo.1998) (ambiguous exclusionary clauses that insulate certain conduct are to be interpreted against defeat of the coverage).

In granting summary judgment, the trial court did not determine whether the "living with" requirement in the policy exclusion was clear and plain on its face, or if it was ambiguous. The court simply concluded plaintiff's son was living with her because he had a majority of his belongings there, he was not staying anywhere else at the time, and since he had no other permanent address, he was not visiting.

On several occasions this court interpreted automobile insurance policies that include or exclude coverage for parties who *"reside with"* or are a *"resident of the household"* of the insured. *See e.g. Midwest Mutual Insurance Co. v. Titus*, 849 P.2d 908, 910 (Colo.

App.1993) ("factors include the subjective or declared intent of the individual, the relation between the individual and the members of the household, the existence of a second place of lodging, and the relative permanence or transient nature of the individual's residence in the household"). However, neither party has referred us to any Colorado authority, nor have we found any, which has construed the phrase "living with" in an insurance policy.

■ In the context of automobile insurance exclusions, residence is determined on a case-by-case basis using factors such as intent and relative permanence. *Midwest Mutual Insurance Co. v. Titus, supra*. In general, residence denotes a place where a person dwells. It "simply requires bodily presence as an inhabitant in a given place." *Carlson v. District Court*, 116 Colo. 330, 338, 180 P.2d 525, 530 (1947).

■ Construing the phrase "residents of a household," this court has found that no one factor by itself is determinative. Factors that should be considered include: the subjective or declared intent of the individual; the formality or informality of the relationship between the individual and the members of the household; the existence of another place of lodging; and the relative permanence or transient nature of the individual's residence in the household. *Iowa National Mutual Insurance Co. v. Boatright*, 33 Colo. App. 124, 516 P.2d 439 (1973).

■ In contrast, domicile "requires bodily presence in that place coupled with an intention to make it one's permanent home." *Carlson v. District Court, supra*, 180 P.2d at 530.

Here, the record indicates there was no evidence presented as to the meaning of "living with," except for the deposition testimony of a State Farm employee. In that deposition, the employee could not articulate a standard or clear definition. Moreover, the employee conceded he did not inquire as to the son or the plaintiff's intent regarding the son's living situation at the time of the accident, before denying plaintiff's claim.

"Living with" can reasonably be defined to mean a bodily presence, or to lodge or dwell, in someone else's home (*e.g.,* residence). It can also reasonably mean to lodge or dwell in another person's home on a permanent basis (*e.g.,* domicile). Since the phrase is susceptible to more than one reasonable definition, we conclude that the phrase is ambiguous. *See State Farm Mutual Automobile Insurance Co. v. Stein,* 940 P.2d 384 (Colo.1997).

Because ambiguities in the insurance policy must be construed against its drafter, *State Farm Mutual Automobile Insurance Co. v. McMillan,* 925 P.2d 785 (Colo.1996), we must construe the phrase "living with" against State Farm. We therefore conclude that the phrase "living with" in the policy exclusion at issue means intent to dwell or lodge with another person, on a permanent basis and for the foreseeable future.

We note, as a practical matter, that if we construed "living with" in this case to mean a bodily presence in a relative's home, for even one night without regard to intent of permanence, plaintiff's insurance coverage would be in doubt, no matter how temporary the residential situation. We do not interpret "living with" to mean simply dwelling with a relative, for a short, indefinite time, with or without intent to find another place to live. *Iowa National Mutual Insurance Co. v. Boatright, supra.*

 The undisputed facts here are that both the son and plaintiff did not intend for him to live at her home on a permanent basis. Plaintiff testified her son was only sleeping on her couch temporarily until he could obtain enough funds to move into an apartment. The son testified he did not intend to stay with plaintiff permanently, and was planning to return Missouri where he had left a few personal items.

There was uncontradicted evidence that the son lived a nomadic lifestyle, traveling between his mother, brother, and aunt's residences. For example, shortly before the accident, the son stayed in a motel for approximately two weeks. A few days before the accident, the son returned to plaintiff's home because he could no longer afford to live at the motel.

The undisputed facts do not support a conclusion that the son "lived with" plaintiff, because there was no evidence presented that he intended to stay with her, on a permanent basis, for the foreseeable future. Consequently, the uninsured motorist exclusion does not apply.

The summary judgment is reversed and the cause is remanded with instructions for the court to enter judgment on the declaratory judgment action in favor of plaintiff, and to declare that plaintiff's policy provides uninsured motorist coverage.

Judge METZGER and Judge RULAND concur.