# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs August 28, 2001

## TENNESSEE FARMERS MUTUAL INSURANCE COMPANY v. SA W. JEONG, ET AL.

**Appeal from the Circuit Court for Bradley County**
**No. V-99-510      Lawrence H. Puckett, Judge**

**FILED OCTOBER 23, 2001**

**No. E2001-00246-COA-R3-CV**

---

Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers") brought a declaratory judgment action against Sa W. Jeong ("the injured party"); her daughter, Hyunlan Lee; and her son-in-law, Jack Sung K. Lee (the defendants Lee are referred to herein collectively as "the Lees"), asking the trial court to "declare whether or not Tennessee Farmers is obligated to afford liability coverage to [the Lees] in connection with the lawsuit filed against them by [the injured party]." At the conclusion of a bench trial, the trial judge ruled in favor of the defendants, finding that the word "reside" and its derivatives "resident" and "residing," particularly as the latter two words are used in the policy language excluding coverage of a claim by a "covered person" or one "residing in the same household," are ambiguous, and that the language of the policy should be construed against Tennessee Farmers as the drafter of the policy. The court ordered Tennessee Farmers to provide liability coverage to the Lees with respect to the subject lawsuit. Tennessee Farmers appeals, raising issues as to whether the trial court correctly ruled that the policy is ambiguous, and whether the trial court was correct in finding that the word "resident" was susceptible to a reasonable meaning that would exclude the injured party from the ambit of the subject exclusionary language in the policy. We find that the subject policy provision is not ambiguous; however, we conclude that the injured party was not "residing in [the Lees'] household" as that language has been construed by applicable case law. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Michael E. Callaway, Cleveland, Tennessee, for the appellant, Tennessee Farmers Mutual Insurance Company.

Jimmy W. Bilbo, Cleveland, Tennessee, for the appellees, Sa W. Jeong, Jack Sung K. Lee, and Hyunlan Lee.

**OPINION**

**I.**

On June 5, 1998, the injured party was a passenger in her daughter's vehicle. She was injured when her daughter lost control of her vehicle and hit a telephone pole. At the time of the accident, the Lees were insured under an automobile liability policy issued by Tennessee Farmers. Following the accident, the injured party made a claim against the Lees for medical expenses, and a separate claim for bodily injury under the liability feature of the Lees' policy. Tennessee Farmers paid the injured party's medical expenses under the medical payments section of the policy, but refused to pay her for damages under the Lees' liability coverage, asserting that the injured party was a resident of the Lees' household. The injured party then sued the Lees in the Bradley County General Sessions Court to recover for her injuries. On June 15, 1999, Tennessee Farmers filed a declaratory judgment action against their insureds and the injured party, maintaining that it did not provide liability coverage to the Lees for the claim asserted against them by the injured party because, under the theory of Tennessee Farmers, the injured party was a resident of the Lees' household at the time of the accident, and, according to the terms of the policy, Tennessee Farmers does not provide liability coverage for bodily injury to a resident of the Lees' household.

Following a bench trial, the court below concluded that the subject liability insurance policy provides coverage to the Lees for the personal injury action filed by the injured party. Tennessee Farmers appeals. It raises two issues on appeal. First, the company questions the trial court's ruling that the insurance policy is ambiguous. Second, the insurance company contends that the injured party was a "resident of [the Lees'] household" and, as a consequence of this fact, an action by her against the Lees is excluded from the liability coverage of the policy.

**II.**

In this non-jury case, our review is *de novo* upon the record, with a presumption of correctness as to the trial court's factual determinations, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Wright v. City of Knoxville***, 898 S.W.2d 177, 181 (Tenn. 1995); ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are accorded no such presumption. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996); ***Presley v. Bennett***, 860 S.W.2d 857, 859 (Tenn. 1993).

The interpretation of a written contract is a question of law for the court. ***Realty Shop, Inc. v. RR Westminster Holding, Inc.***, 7 S.W.3d 581, 597 (Tenn. Ct. App. 1999), *perm. app. denied* October 25, 1999.

**III.**

The following language of the Lees' insurance policy is relevant to the issues before us:

**What is Not Covered**

**We** do not provide liability coverage under this Part A and B:

\* \* \*

12.     for any person or entity for bodily injury or property damage to any covered person or any person residing in the same household;

\* \* \*

## PART A AND B
## LIABILITY COVERAGE

\* \* \*

**Definitions of words and terms as used in this Part A and B**

**1.      Covered person** means:

a.      **you** or any **family member** for the maintenance or use of any **auto** or **trailer;**

\* \* \*

## DEFINITIONS

The words and terms defined below are used throughout this policy as they are defined here.

\* \* \*

**Family member** means a person who is a resident of **your** household and who is either:

1.      related to **you** by blood, marriage or adoption;...

(Bold and Capitalization in Original).  Based on these provisions, Tennessee Farmers' liability coverage extends to the Lees and any "resident" of their "household" who is also related by "blood, marriage, or adoption."  A person who fits the latter definition is a "covered person" whose liability

-3-

is insured under the policy; but a *claim* by such a person is excluded from coverage under the above-referenced exclusionary provision of the policy.

Because the phrases "resident of your household" and "residing in the same household"[1] are not defined in the policy, we must determine the meaning of what is essentially the same concept. If the injured party is found to have been "residing in [the Lees'] household," there is no liability coverage running to the Lees for the personal injury claim asserted in the subject lawsuit.

IV.

In ruling in favor of the Lees, the trial court, at the conclusion of the trial, stated the following:

> You know, I – I think I know what "reside" means. I think it means to live with somebody. That's what I would say the ordinary meaning of "reside" is, is to – is to be living in the household. This language says in the policy that "any person residing in the household." But it is an exclusion.
>
> * * *
>
> You know, I don't think it's ambiguous in my mind; but, when I read this case, it looks ambiguous to me, to the Court, this language in McDonough,[2] if it can mean to dwell permanently for a length of time, to dwell permanently for a considerable time, to dwell permanently for any length of time.
>
> * * *

---

[1]There is an interplay in the Lees' policy between these two phrases. Under the definition section of the policy, the phrase "resident of your household" is important because it is a component of the definition of "family member" which in turn is a part of the definition of "covered person" under the liability coverage of the policy. Furthermore, a *claim* by a "covered person" or a *claim* by an individual "residing in the same household" is not covered under the liability feature of the Lees' policy. Since the injured party in this case is related to the Lees – to one by blood and to the other by marriage – the critical determination in this case is the concept embodied in "resident of your household" and "residing in the same household." As indicated in the body of our opinion, we find these phrases to be different ways of saying the same thing.

[2]The trial court was referring to the case of ***McDonough v. State Farm Mut. Auto. Ins. Company***, 755 S.W.2d 57 (Tenn. Ct. App. 1988). ***McDonough*** deals with a policy provision affording coverage to one "who lives with you." *Id*. at 58. That case found that "the nearest equivalent of the words 'living with' would be 'residing with' or 'having residence with.'" *Id*. at 67. The Court of Appeals in ***McDonough*** then stated that "[s]uch words are not of precise legal definition." *Id*. We find the trial court in the instant case erred in relying on ***McDonough***, which deals with a much narrower concept than the one embodied in the language, "residing in the same household," and its companion language, in the subject policy. We find that the instant case is controlled by ***Gredig v. Tennessee Farmers Mut. Ins. Co.***, 891 S.W.2d 909 (Tenn. Ct. App. 1994).

-4-

So whereas, I believe I understand that, what "residing" means, I wouldn't think it would be ambiguous; but if the court says all these meanings can attach to it, then it is ambiguous, and it has to be construed against the drafter if it's ambiguous.

I'm going to – I believe, because I believe it's ambiguous, I have to find that there's coverage. I can't apply this against the insured. I have to apply it against the person who wrote the policy....

V.

In *Tata v. Nichols*, 848 S.W.2d 649 (Tenn. 1993), the Supreme Court explained the analysis to be applied when construing insurance policies:

Insurance contracts...should be construed so as to give effect to the intention and express language of the parties. Words in an insurance policy are given their common and ordinary meaning. Where language in an insurance policy is susceptible of more than one reasonable interpretation, however, it is ambiguous. Where the ambiguous language limits the coverage of an insurance policy, that language must be construed against the insurance company and in favor of the insured.

*Id.* at 650 (citations and quotation marks omitted).

VI.

The insurance company contends that the phrases "resident of your household" and "residing in the same household" are clear and unambiguous according to the holding of *Gredig v. Tennessee Farmers Mut. Ins. Co.*, 891 S.W.2d 909 (Tenn. Ct. App. 1994). Secondly, the insurance company argues that the injured party was a resident of the Lees' household at the time of the accident because her intent was to remain in the United States for at least six months, she was related to the Lees, and she was living exclusively with the Lees. As a result, as applied to the facts of this case, the insurance company contends that the policy would have provided liability coverage to her had she been sued, and, as a corollary to that proposition, does not provide coverage to the Lees with respect to her suit against them.

On the other hand, the appellees – the injured party and the Lees – argue that the insurance policy is ambiguous and should be construed against the insurance company. Additionally, the appellees argue that the trial court correctly found that the injured party was not a resident of the Lees' household because she was only staying with the Lees temporarily, her presence in the household was transient, she was not under the control of the Lees, she maintained a permanent residence in Korea, and she always planned to return to Korea.

The issues now before us were addressed in the *Gredig* case. What we said in that case applies with equal force to the facts of the instant case:

> As a threshold proposition, we examine whether "residing in your household" is ambiguous. In ***Boyd v. Peoples Protective Life Insurance Company***, 345 S.W.2d 869 (Tenn. 1961), our Supreme Court had to determine if a juvenile who was shot and killed while attempting to escape from a state juvenile detention facility where he had been committed was insured under a life insurance policy issued to the juvenile's father. That policy insured the lives of "Eligible Family Members," a concept which included children "under 19 years of age who live in his household." The Court made an extensive comment about the California case of ***Island v. Fireman's Fund Indem. Co***., 30 Cal.2d 541, 184 P.2d 153 (Cal. 1947), which involved an automobile insurance policy which contained a provision including the language "member of his household." It is clear that our Supreme Court had the concept of ambiguity in its mind because it pointed out that the California court had commented "that if an insurance contract provision is capable of two meanings the one favorable to the insured must be adopted." ***Boyd***, 345 S.W.2d at 872. Immediately following this quote, and without any indication from the Court that it considered "member of his household" to be ambiguous, our Supreme Court said:
>
>> The great weight of authority seems to be to the effect that a household means those living together under one roof, under one head and under the common control of one person.
>
> ***Id***. In holding that the deceased juvenile was not included among those individuals defined as being "member[s] of his household" and thus not covered under the policy, the Court said:
>
>> ...if this insurance contract is not reasonably susceptible of any other interpretation than that it means a child living under the roof with its father, then it is the duty of the Court to say so. This Court is of the opinion that it is not reasonably susceptible of any other interpretation.
>
> ***Id***. at 874.

The rationale of the decision in *Boyd* has been followed in at least two unreported cases of this Court. *Stacie A. James v. Fireman's Fund Insurance Co.*, 13 TAM 20-4 (Tenn. App. W.S. 1988) ("resident of the same household" and "resident of your household" language in automobile liability policy); *Permanent General Assurance Corporation v. Trent T. Woods and Travelers Insurance Company*, 18 TAM 23-7 (Tenn. App. W.S. 1993) ("resident in your household" language in automobile policy).

The appellate courts of this state have clearly held that language similar to the "residing in your household" language of the instant policy is susceptible to definition. To the extent that it can be and has been defined by our appellate courts, the language is not ambiguous. In effect, the definition of the language in question, in the absence of a definition in the policy, has been supplied by case law. That has been the case since at least 1961 when *Boyd* was decided.

The Plaintiffs argue that our decision in *State Farm Mut. Auto. Ins. Co. v. Thomas*, 699 S.W.2d 156 (Tenn. App. 1983), is to the contrary. That case involved an automobile liability policy provision which defined a relative as "any relative of the named insured who is a resident of the same household." It is true that the *Thomas* case includes a comment by now-Senior Judge Clifford E. Sanders that the subject language "is essentially ambiguous"; but *Thomas* was decided under Virginia law. Furthermore, in *Thomas*, we set forth the factors to be considered in determining whether one was a "resident of the same household":

> We think the factors to be considered in a case such as the one at bar were aptly expressed by the Colorado Court of Appeals in *United Services Auto. Asso. v. Mione*, 34 Colo.App. 448, 528 P.2d 420 (1974) where the court said the factors to be considered in determining whether or not a person is a resident of a household include: "(1) the subjective or declared intent of the individual, (2) the relative permanence or transient nature of the person's residence in the household, (3) the relationship between the individual and the members of the household, and (4) the existence of a second place of lodging."

Whether one applies the definition of *Boyd*, which we think is controlling here, or the factors of *Thomas*, or a combination of both,

> it is clear that the language at issue in the instant case – "residing in
> your household" – as defined by our case law is not ambiguous.

***Gredig***, 891 S.W.2d at 913-914.

We disagree with the trial court's determination that the phrase "residing in the same household" is ambiguous. Whether you apply the definition of "member of his household" in ***Boyd***, or use the factors set forth in ***Thomas*** to define "residing in the same household," it is clear that the language at issue in the instant case is capable of definition, and is not ambiguous.

However, we agree with the ultimate decision of the trial court because we find that the injured party was not a resident of the Lees' household. Seventy-five year old Sa W. Jeong, the injured party, is a citizen and resident of Seoul, Korea. She came to the United States on a six-month visa on May 21, 1998. Her plan was to live with the Lees for approximately three months to help care for her twin grandsons, in exchange for compensation by the Lees.[3] She then planned to spend her final three months with a relative in Canada. As a result of the accident on June 5, 1998, the injured party actually remained with the Lees, in the United States, for one year.

Applying the factors in ***Thomas,*** the injured party does not fit the definition of "residing in the same household." First, it was the injured party's intent to leave the Lees' residence after a short stay and return to Korea. She did not intend to permanently remain with the Lees; nor was she living there with the intent to remain there indefinitely. Second, the injured party was not a permanent member of the Lee household; rather her stay there was transient in nature. Third, the injured party left her home in Korea to visit her daughter and son-in-law for a limited time, and for the limited purpose of caring for her grandchildren. At all times during the visit, the injured party had another – permanent – place of residence in Korea. Furthermore, unlike a minor child, there is nothing in the record to suggest that this 75-year old woman was "under the common control of [one or both of the Lees]." ***Boyd***, 345 S.W.2d at 872. Simply put, she was not "of [the Lees'] household."

Applying the rules established by case law, we find that the policy language is unambiguous, and, hence, it must be construed as written, and not in favor of either party. We also find that, at the

---

[3]Mr. Lee's testimony is the source of the information regarding the injured party's plans with respect to her time away from Korea. There is a notarized statement in the record that was purportedly signed by the injured party. It reflects the following:

> Purpose of Visiting U.S.A: (1) Sight Seeing (visiting relatives)
> (Duration: one year)       (2) Baby sitting (contract for 6 month
>                                 [sic] $700 x 6 = 4,200)

The insurance company's adjuster testified that Mrs. Lee "brought the statement...to me." The company points out that the statement reflects that the injured party was to be in the United States for "one year." While the statement is in English, the signature on the statement is not. Presumably, it is in Korean. It should also be noted that the injured party does not speak English. Even assuming that the injured party knowingly adopted this statement as her own, we do not find the time frames expressed in the statement, even if true, to be contrary to our holding in this case.

time of the accident on June 5, 1998, the injured party was not a resident of the Lees' household. Therefore, Tennessee Farmers is obligated to provide liability coverage to the Lees in the case filed against them by the injured party in the General Sessions Court for Bradley County, Tennessee.

## VII.

The judgment of the trial court is affirmed for the reasons stated. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Tennessee Farmers Mutual Insurance Company.

_____
CHARLES D. SUSANO, JR., JUDGE