This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                            **No. 35,393**

**KYLE PATRICK AVERY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Becca Salwin, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Defendant seeks to appeal from an amended judgment and sentence filed on October 26, 2015. This Court issued a notice of proposed disposition proposing to dismiss Defendant's appeal. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we dismiss Defendant's appeal.

{2} In this Court's notice, we proposed to dismiss Defendant's appeal because (1) the amended judgment and sentence does not appear to be a final, appealable order [CN 2-3]; (2) Defendant had not filed a notice of appeal in the district court [CN 3-4]; and (3) Defendant's convictions are based on an unconditional plea agreement [CN 4-5]. We further stated that to the extent that Defendant raised a sentencing issue in his informal docketing statement, it appears that the amended judgment and sentence had addressed his concern. [CN 5] Finally, we noted that to the extent that Defendant may wish to argue that ineffective assistance of counsel caused him to enter into the plea agreement, this argument depends on facts that are not before this Court. [Id.] Therefore, we suggested that an ineffective assistance of counsel argument should be raised in post-conviction habeas corpus proceedings rather than for the first time in this appeal. [Id.]

{3} In our notice of proposed disposition, we also acknowledged that Defendant had filed two petitions for writ of habeas corpus in this Court; however, we stated that we do not have jurisdiction to consider either petition. [CN 6] The first petition—the

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed February 1, 2016—seeks relief under federal law. [Id.] The second petition—the Petition for Writ of Habeas Corpus, filed February 26, 2016—should have been filed in the district court, pursuant to Rule 5-802 NMRA, and is not properly before this Court. [Id.]

{4}     In response to our notice, Defendant contends that his appellate counsel filed a notice of appeal in the district court on June 2, 2016, after we issued our notice of proposed disposition. [MIO 2] This does not remedy the procedural defects in this case. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (recognizing that to properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal); *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369 (reaffirming that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal); *see also State v. Peppers*, 1990-NMCA-057, ¶ 21, 110 N.M. 393, 796 P.2d 614 (declining to extend the conclusive presumption of ineffective assistance of counsel adopted in *State v. Duran*, 1986-NMCA-125, 105 N.M. 231, 731 P.2d 374, to appeals from guilty or no contest pleas).

**{5}** Defendant also asserts that his trial counsel provided ineffective assistance of counsel that led to his involuntary and invalid plea. [MIO 2-5] As discussed in our notice of proposed disposition, "[h]abeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (alteration, internal quotation marks, and citation omitted); *see also State v. Roybal,* 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]").

**{6}** For the reasons stated in our notice of proposed disposition and herein, we dismiss Defendant's appeal.

**{7}** **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

4

_____

**TIMOTHY L. GARCIA, Judge**

_____

**J. MILES HANISEE, Judge**